**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| WAYNE BARROW, as Trustee of the VOLETTA WALLACE REVOCABLE TRUST, | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) ) | C.A. No. 2025-0760-KSJM |
| FAITH EVANS, | ) ) | |
| Defendant. | ) ) | |
| and | ) ) | |
| NOTORIOUS B.I.G., LLC, | ) ) | |
| Nominal Defendant/ Counterclaim Plaintiff. | ) ) | |

**ORDER DENYING MOTION TO STAY**

1. This action arises from a dispute over an entity, Notorious B.I.G., LLC (the "Company"), which holds rights to the intellectual property of the late rapper Christopher Wallace. Wallace's mother and widow formed the Company in 2007. His mother, Voletta Wallace, passed away and left all her assets to "Voletta Wallace Revocable Trust u/a/d December 14, 2020" (the "Trust"). His widow, Faith Evans, manages the Company. She has declined to recognize the Trust as a member of the Company. The sole trustee of the Trust, Plaintiff Wayne Barrow, filed this action seeking a declaration that the Trust is a member of the Company. He later moved for summary judgment.

2.      In the month before she died, Voletta removed her grandson, Christopher Jordan Wallace ("CJ"), as a trustee of the Trust.[1] On February 20, 2026, CJ filed a petition in Pennsylvania Orphans' Court challenging Voletta's efforts to remove him before her death (the "Pennsylvania Litigation").[2]

3.      On March 4, 2026, Evans and the Company ("Defendants") moved to stay this litigation in favor of the Pennsylvania Litigation.[3] During an April 7, 2026 hearing, the court denied the stay to allow the motion for summary judgment to proceed.[4] The court denied the stay without prejudice, which allowed Defendants to re-assert their stay arguments in connection with summary judgment.[5]

4.      Defendants reasserted their stay arguments in response to the motion for summary judgment. They argue that the court should stay this case pending resolution of the Pennsylvania Litigation, which challenges Plaintiff's ability to act on behalf of Voletta's Trust and estate.[6] According to Defendants, every aspect of Plaintiff's position in this action rests on the premise that he is the sole trustee of the Trust and the sole executor of Voletta's estate.[7]

---

[1] This decision uses first names at times to distinguish the members of the Wallace family. The court intends no familiarity or disrespect.

[2] C.A. No. 2025-0760-KSJM, Docket ("Dkt.") 78, Decl. of Faith Evans, ¶ 49; *id.*, Ex. AA ("Pennsylvania Petition").

[3] Dkt. 61.

[4] Dkt. 72 at 38:18–40:5.

[5] *Id.*

[6] Dkt. 78 at 18–19.

[7] *Id.* at 18.

2

5.	But Plaintiff accepted his appointment as a successor trustee of the Trust on March 6, 2025.[8]  Pennsylvania law does not suspend a fiduciary's authority to act even while that authority is challenged.[9]  Nor would Plaintiff's removal necessarily invalidate actions he took before his removal.[10]  If CJ seeks to enjoin Plaintiff from acting on the Trust's behalf during the pendency of the Pennsylvania Litigation, he should seek that relief from the Pennsylvania court.  But there is no dispute that Plaintiff has the authority to act on the Trust's behalf now.

6.	Moreover, a dispute regarding Plaintiff's role as the trustee does not create a factual dispute over whether the Trust is a member of the Company.  Under both the original and amended estate plans, Voletta's member units passed to the Trust.  And, in the Pennsylvania Litigation, CJ seeks to "reinstate" the original will, which leaves Voletta's entire estate to the Trust.[11]  There is thus no reason to delay summary judgment.  The motion to stay is denied.

*/s/ Kathaleen St. J. McCormick*
Chancellor
August 7, 2026

---

[8] Dkt. 71, Decl. of Wayne Barrow, Ex. J.

[9] 20 Pa. Cons. Stat. § 908(c) (1974) ("No appeal [including the challenge to the probate of a will, *see* 20 Pa. Cons. Stat. § 908(a) (2006)] from a decree of the register shall suspend the powers or prejudice the acts of a personal representative to whom letters have been granted.").

[10] *See* 20 Pa. Cons. Stat. § 3329 (1972) ("No act of administration performed by a personal representative in good faith shall be impeached by the subsequent revocation of his letters or by the subsequent probate of a will, of a later will or of a codicil[.]").

[11] *See* Pennsylvania Petition.

3